**TAIWONG OUYANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

**No. 07–2719–ag.**

United States Court of Appeals, Second Circuit.

March 18, 2008.

Lin Li, New York, New York, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division, Michelle G.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Latour, Assistant Director, Sunah Lee, Trial Attorney, United States Department of Justice, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Taiwong Ouyang, a native and citizen of China, seeks review of the May 30, 2007 order of the BIA affirming the September 30, 2005 decision of Immigration Judge ("IJ") Philip Morace denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Taiwong Ouyang,* No. A98 215 498 (B.I.A. May 30, 2007), *aff'g* No. A98 215 498 (Immig. Ct. N.Y. City Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003); *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

We conclude that the record supports the agency's determination that Ouyang failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. In addition to showing past persecution or a well-founded fear of future persecution, asylum eligibility requires that the persecution alleged be on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42).

In his application and during his testimony, Ouyang described an incident in which government officials attempted to arrest him after he gathered a group of his friends to confront the officials who failed to bring his fatally injured uncle to the hospital. He testified that in addition to the verbal altercation that took place, there was also physical contact between Ouyang's group and the officials. The agency found that the arrest based upon "combined physical and verbal altercations" bore no nexus to Ouyang's political opinion.

We conclude that the record provides ample support for the agency's finding in that regard. Ouyang was therefore not entitled to the presumption of a well-founded fear of persecution on account of a protected ground. *See Secaida–Rosales,* 331 F.3d at 307. And because Ouyang was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Because Ouyang has not challenged the denial of his application for CAT relief before this Court, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal as moot.